1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LASONJA PORTER,                          No.  2:14-cv-2984 KJM DAD PS

12                    Plaintiff,

13           v.                               ORDER

14   CITY OF DAVIS POLICE, et al.,

15                    Defendants.

16

17          Plaintiff Lasonja Porter is proceeding in this action pro se.  This matter was referred to the

18   undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has

19   requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

20          Plaintiff has submitted an in forma pauperis application that make the showing required

21   by 28 U.S.C. § 1915(a)(1).  Plaintiff's request for leave to proceed in forma pauperis will

22   therefore be granted.

23          The determination that plaintiff may proceed in forma pauperis does not complete the

24   inquiry required by the statutes.  The court must dismiss an in forma pauperis case at any time if

25   the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or

26   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

27   an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it

28   lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin

                                                 1

1  v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a

2  complaint as frivolous where it is based on an indisputably meritless legal theory or where the

3  factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

4      To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

5  state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

6  570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

7  true the material allegations in the complaint and construes the allegations in the light most

8  favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

9  Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

10  (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

11  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

12  conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

13  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

14      The minimum requirements for a civil complaint in federal court are as follows:

15      A pleading which sets forth a claim for relief . . . shall contain (1) a
        short and plain statement of the grounds upon which the court's
16      jurisdiction depends . . . , (2) a short and plain statement of the
        claim showing that the pleader is entitled to relief, and (3) a demand
17      for judgment for the relief the pleader seeks.

18  FED. R. CIV. P. 8(a).

19      Here, plaintiff's complaint fails to contain a short and plain statement of a claim showing

20  that she in entitled to relief.  In this regard, plaintiff's complaint names as defendants the City of

21  Davis Police Department, Chief of Police Landy Black, Assistant Chief of Police Darren Pytel,

22  Lieutenant Tom Waltz, Police Officer Jeff Vignau and Police Officer Derek Russell.  In her

23  complaint plaintiff "alleges multiple unlawful acts committed by employees of the government of

24  the City of Davis, California which have unlawfully terrorized and targeted plaintiff . . . in part

25  because she is black."  (Compl. (Dkt. No. 1) at 2.)  The complaint then goes on to discuss "[s]ome

26  specific examples involving same officer (Jeff, Vignau)."  (Id. at 3.)  Thereafter, the complaint

27  recounts an incident on November 14, 2013, where the vehicle plaintiff was traveling in as a

28  passenger was stopped by "a Davis Police car" for a suspected DUI, even though the driver of the

2

1   vehicle allegedly "did not receive a breathalyzer test or any test . . . nor did he get a ticket for a

2   DUI." (<u>Id.</u> at 4-5.)  The complaint also recounts a December 28, 2013 incident involving "Officer

3   Vignau," "Officer Russell," and "Lieutenant Waltz," which plaintiff alleges "resulted in use of

4   extreme force." (<u>Id.</u> at 5-7.)  Finally, the complaint references a January 18, 2014 incident in

5   which plaintiff's husband was allegedly stopped by "Officer Viganu" (sic) for riding a bicycle

6   without a light. (<u>Id.</u> at 10.)  After recounting these various distinct "examples," (<u>id.</u> at 3),

7   plaintiff's complaint purports to assert several state law causes of action, as well as a claim

8   against all defendants for the violation of plaintiff's right "to equal protection under the law." (<u>Id.</u>

9   at 15.)  In this regard, plaintiff alleges that the defendants discriminated against her "due to her

10  ethnicity and past history of complaints." (<u>Id.</u> at 15-16.)

11          In order to state a claim for violation of the Equal Protection clause of the Fourteenth

12  Amendment, a plaintiff must allege that the individual defendants, acting under color of state law

13  "acted in a discriminatory manner and that the discrimination was intentional." <u>Reese v.</u>

14  <u>Jefferson Sch. Dist. No. 14J</u>, 208 F.3d 736, 740 (9th Cir. 2000) (citation omitted).  A "long line of

15  Supreme Court cases make clear that the Equal Protection clause requires proof of discriminatory

16  intent or motive." <u>Navarro v. Block</u>, 72 F.3d 712, 716 (9th Cir. 1995) (citations omitted).

17          Plaintiff's complaint, however, does not clearly allege how each defendant allegedly

18  violated plaintiff's rights under the Equal Protection clause.  Instead, the complaint merely refers

19  to identified examples involving defendant Officer Vignau.  Although the Federal Rules of Civil

20  Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the

21  plaintiff's claims and must allege facts that state the elements of each claim plainly and

22  succinctly. FED. R. CIV. P. 8(a)(2); <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th

23  Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

24  elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked

25  assertions' devoid of 'further factual enhancements.'" <u>Ashcroft v. Iqbal</u>, 556 U.S.662, 678 (2009)

26  (quoting <u>Twombly</u>, 550 U.S. at 555, 557.  A plaintiff must allege with at least some degree of

27  particularity overt acts which the defendants engaged in that support the plaintiff's claims. <u>Jones</u>,

28  733 F.2d at 649.

1    In her complaint plaintiff also alleges in conclusory fashion that the defendants violated

2    her rights "pursuant to 42 U.S.C. § 1981." (Compl. (Dkt. No. 1) at 16.)  "In order to establish a

3    claim under § 1981, a plaintiff must establish that (1) he or she is a member of a racial minority;

4    (2) the defendant intended to discriminate against plaintiff on the basis of race; and (3) the

5    discrimination concerned one or more of the activities enumerated in the statute (i.e., the right to

6    make and enforce contracts, sue and be sued, give evidence, etc.)." Jones v. Tozzi, No. 1:05-CV-

7    0148 OWW DLB, 2006 WL 1582311, at *7 (E.D. Cal. June 2, 2006) (citing Mian v. Donaldson,

8    Lufkin & Jenrette Secs. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993)).  See also Green v. State Bar of

9    Texas, 27 F.3d 1083, 1086 (5th Cir. 1994) ("To establish a claim under § 1981, a plaintiff must

10   allege facts in support of the following elements:  (1) the plaintiff is a member of a racial

11   minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the

12   discrimination concerns one or more of the activities enumerated in the statute.").  Here,

13   plaintiff's complaint fails to allege how any defendant intended to discriminate against her or how

14   the discrimination concerned one or more of the activities enumerated in 42 U.S.C. §1981.

15   Finally, plaintiff's complaint asserts a claim for "MONELL LIABILITY," arguing that

16   "high-ranking officials in the City of Davis Police Department and Manager's Office have

17   approved and set in place discriminatory law enforcement policies, practices, procedures and

18   customs." (Compl. (Dkt. No. 1) at 16. )  A municipality may be liable under § 1983 where the

19   municipality itself causes the constitutional violation through a "policy or custom, whether made

20   by its lawmakers or those whose edicts or acts may fairly be said to represent official policy[.]"

21   Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).  Municipal liability in a §

22   1983 case may be premised upon:  (1) an official policy; (2) a "longstanding practice or custom

23   which constitutes the standard operating procedure of the local government entity;" (3) the act of

24   an "official whose acts fairly represent official policy such that the challenged action constituted

25   official policy;" or (4) where "an official with final policy-making authority delegated that

26   authority to, or ratified the decision of, a subordinate." Price v. Sery, 513 F.3d 962, 966 (9th Cir.

27   2008).  To sufficiently plead a Monell claim, allegations in a complaint "may not simply recite

28   the elements of a cause of action, but must contain sufficient allegations of underlying facts to

1    give fair notice and to enable the opposing party to defend itself effectively."  <u>AE ex rel.</u>

2    <u>Hernandez v. Cnty. of Tulare</u>, 666 F.3d 631, 637 (9th Cir. 2012) (quoting <u>Starr v. Baca</u>, 652 F.3d

3    1202, 1216 (9th Cir. 2011)).

4           Here, the <u>Monell</u> claim presented in plaintiff's complaint fails to contain any allegations

5    of underlying facts.  Moreover, plaintiff's <u>Monell</u> claim is alleged against "all defendants."

6    (Compl. (Dkt. No. 1) at 17.)  As noted above, a municipality may be liable under <u>Monell</u>.

7    "<u>Monell</u> does not concern liability of individuals acting under color of state law."  <u>Guillory v.</u>

8    <u>Orange County</u>, 731 F.2d 1379, 1382 (9th Cir. 1984).

9           Accordingly, plaintiff's complaint will be dismissed for failure to state a cognizable claim.

10   The undersigned has carefully considered whether plaintiff may amend the complaint to state a

11   claim upon which relief can be granted.  "Valid reasons for denying leave to amend include

12   undue delay, bad faith, prejudice, and futility."  <u>California Architectural Bldg. Prod. v. Franciscan</u>

13   <u>Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988).  <u>See also</u> <u>Klamath-Lake Pharm. Ass'n v. Klamath</u>

14   <u>Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall

15   be freely given, the court does not have to allow futile amendments).  However, when evaluating

16   the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it

17   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

18   would entitle him to relief.'"  <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting

19   <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972).  <u>See also</u> <u>Weilburg v. Shapiro</u>, 488 F.3d 1202, 1205

20   (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is

21   absolutely clear that the deficiencies of the complaint could not be cured by amendment.")

22   (quoting <u>Schucker v. Rockwood</u>, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

23          Here, the court cannot yet say that it appears beyond doubt that leave to amend would be

24   futile.  Plaintiff's complaint will therefore be dismissed, and she will be granted leave to file an

25   amended complaint to attempt to cure the deficiencies noted above.  Plaintiff is cautioned,

26   however, that if she elects to file an amended complaint in this action "the tenet that a court must

27   accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.

28   Threadbare recitals of the elements of a cause of action, supported by mere conclusory

5

statements, do not suffice." <u>Ashcroft</u>, 556 U.S. at 678.  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." <u>Id.</u> at 679.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" <u>Id.</u> at 680 (quoting <u>Twombly</u>, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings.  The amended complaint will supersede the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file in this action must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's December 29, 2014, application to proceed in forma pauperis (Dkt. No. 2) is granted.

2.  The complaint filed December 29, 2014 (Dkt. No. 1) is dismissed with leave to amend.

3.  Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."[1]

/////

/////

/////

---

[1]  Alternatively, if plaintiff no longer wishes to pursue this action, plaintiff may file a notice of voluntary dismissal without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.

4.  Failure to comply with this order in a timely manner may result in a
recommendation that this action be dismissed.

Dated:  June 16, 2015

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\porter2984.ifp.lta.ord.docx

7