UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASONJA PORTER, | No. 2:14-cv-2984 KJM AC PS (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| CITY OF DAVIS POLICE, et al., | |
| Defendants. | |

Plaintiff Lasonja Porter is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has be granted permission to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 4. Pending before the court is plaintiff's amended complaint. ECF No. 9.

The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

1

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

FED. R. CIV. P. 8(a).

Here, plaintiff's amended complaint alleges that on December 28, 2013, City of Davis Police Officers Jeff Vignau and Derek Russell seized plaintiff, who had been complying with the officers' commands, by grabbing and twisting plaintiff's wrists. Plaintiff sustained sprains to both wrists as well as her spine. According to the amended complaint, defendants' unlawful acts were directed at plaintiff in retaliation for plaintiff's numerous complaints of unlawful police conduct. Moreover, the amended complaint alleges that plaintiff's injuries were the result of negligence by the City of Davis Police Department, as well as its discriminatory policies.

Based on these allegations, the undersigned finds that the complaint states cognizable claims for negligence, the intentional infliction of emotional distress, the negligent infliction of emotional distress, violation of California Civil Code § 51.7, respondeat superior liability, violation of 42 U.S.C. § 1981, violation of 42 U.S.C. § 1983 through the use of excessive force and unlawful seizure in violation of the Fourth Amendment, and retaliation in violation of the First Amendment, as well as a claim under Monell v. Dep't Soc. Servs. Of City of New York, 436

1  U.S. 658 (1978), at to Officer Vignau, Officer Russell and the City of Davis Police Department.
2  In this regard, if the allegations of the amended complaint are proven, plaintiff has a reasonable
3  opportunity to prevail on the merits of those claims in this action.
4  However, the complaint fails to state a cognizable claim against Chief of Police Landy
5  Black, Assistant Chief of Police Darren Pytel and Lieutenant Tom Waltz.  In this regard, it
6  appears from the allegations found in plaintiff's amended complaint that any alleged wrongful
7  conduct attributed to Chief Black, Assistant Chief Pytel and Lieutenant Waltz stems strictly from
8  their supervisory positions.
9  "'A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his
10  or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection
11  between the supervisor's wrongful conduct and the constitutional violation.'"  Henry A. v.
12  Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1207 (9th
13  Cir. 2011)).  However, "allegations in a complaint . . . may not simply recite the elements of a
14  cause of action, but must contain sufficient allegations of underlying facts to give fair notice and
15  to enable the opposing party to defend itself effectively."  Starr, 652 F.3d at 1216.  Here, the
16  amended complaint fails to contain sufficient factual allegations concerning the conduct of Chief
17  Black, Assistant Chief Pytel and Lieutenant Waltz.  Moreover, the amended complaint's state law
18  causes of action against these defendants also fail to state a claim.  See Sanders v. City of Fresno,
19  No. CIV F 05-0469 AWI SMS, 2006 WL 1883394, at *11 (E.D. Cal. July 7, 2006) ("a claim for
20  negligent selection, training, retention, supervision, and discipline that is made against the Police
21  Chief is in fact a claim for direct liability against the public entity").

## CONCLUSION

23  For the reasons stated above, IT IS HEREBY ORDERED that:
24  1. Plaintiff may proceed now to serve Officer Vignau, Officer Russell and the City of
25  Davis Police Department, as set forth below (instructions numbered 3-6), and pursue her claims
26  against only those defendants.  Alternatively, she may delay serving Officer Vignau, Officer
27  Russell and the City of Davis Police Department, and attempt to state a cognizable claim against
28  Chief Black, Assistant Chief Pytel and Lieutenant Waltz.

1      2.  **If plaintiff elects to attempt to amend her complaint to state a cognizable claim against the Chief Black, Assistant Chief Pytel and Lieutenant Waltz, she has thirty days so to do** (and she may skip instructions numbered 3-6, below).  She is not obligated to amend her complaint, and may instead proceed only against Officer Vignau, Officer Russell and the City of Davis Police Department (see instructions 3-6, below).  If plaintiff chooses to further amend so that she can sue Chief Black, Assistant Chief Pytel and Lieutenant Waltz, the second amended complaint will also be subject to screening.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  In the second amended complaint, as in the original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

3.  **If plaintiff elects to proceed now against Officer Vignau, Officer Russell and the City of Davis Police Department**, then within thirty days plaintiff shall supply the U.S. Marshal with the information detailed below.  If plaintiff elects to proceed against Officer Vignau, Officer Russell and the City of Davis Police Department, the court will construe plaintiff's election as consent to the dismissal of all claims against Chief Black, Assistant Chief Pytel and Lieutenant Waltz, without prejudice.

4.  Service is appropriate for the following defendants: Officer Jeff Vignau, Officer Derek Russell and the City of Davis Police Department.

5.  The Clerk of the Court shall send plaintiff one USM-285 form for each defendant, one summons, a copy of the amended complaint filed September 10, 2015 (ECF No. 9), an instruction sheet, and an appropriate form for consent to trial by a magistrate judge.

6.  Plaintiff is directed to supply the U.S. Marshal, within 30 days from the date this order is filed, all information needed by the Marshal to effect service of process, <u>and shall file a statement with the court that said documents have been submitted to the United States Marshal</u>.  The court anticipates that, to effect service, the U.S. Marshal will require at least:

/////

      a. One completed summons for each defendant;

      b. One completed USM-285 form for each defendant;

      c. One copy of the endorsed filed complaint for each defendant, with an extra copy for the U.S. Marshal; and

      d. One copy of the instant order for each defendant.

7. In the event the U.S. Marshal is unable, for any reason whatsoever, to effectuate service on any defendant within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

8. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

9. Failure to comply with this order may result in a recommendation that this action be dismissed for lack of prosecution and failure to comply with a court order.

DATED: April 8, 2016

                                                                            /s/ Allison Claire  
                                                                            ALLISON CLAIRE  
                                                                            UNITED STATES MAGISTRATE JUDGE