UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASONJA PORTER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF DAVIS POLICE DEPARTMENT, et al.,<br><br>Defendants. | No. 2:14-cv-02984-KJM-DB<br><br><br><br>ORDER |

On January 25, 2018, the court denied in part defendants' motion for summary judgment as to plaintiff's § 1983 claim based on Fourth Amendment violations through the use of handcuffs in a *Terry*[1] stop. ECF No. 57. Specifically, the court explained that "although the [*Terry*] stop was supported by reasonable suspicion, a reasonable juror could find the decision to handcuff plaintiff, despite her total compliance and the absence of any particularized risk to the officers, was not reasonable." *Id.* at 5. On February 23, 2018, defendants appealed the court's decision, ECF No. 60, and on February 13, 2019, the Ninth Circuit issued a dispositional memorandum reversing this court's decision and remanding the case for further proceedings. ECF No. 68. The Circuit explained, "The court was correct in determining that handcuffing is not

---

[1] *Terry v. Ohio*, 392 U.S. 1 (1968).

1

part of a routine *Terry* stop, but that is only relevant to a determination of whether or not the act of handcuffing transformed a *Terry* stop into an arrest without probable cause, not whether the *Terry* stop itself was unreasonable." *Id.* at 3–4. Plaintiff forfeited any argument that the stop had been transformed into an arrest. *Id.* at 4. The Circuit's judgment took effect on March 7, 2019. ECF No. 69.

In effect, the Circuit's decision resolves the sole remaining issue in this case in defendants' favor; therefore, judgment must be entered for defendants. The Clerk of Court is directed to enter judgment in defendants' favor and close the case in its entirety.

IT IS SO ORDERED.

DATED: March 20, 2019.

_____
UNITED STATES DISTRICT JUDGE